**In re CHAFFEE AGGREGATES, INC., Debtor.**

**William E. Lawson, Trustee, Plaintiff,**

**v.**

**Town of Sardinia, Town Board of the Town of Sardinia, Defendants.**

**Bankruptcy No. 96–12563 B.
Adversary No. 01–1355 B.**

United States Bankruptcy Court,
W.D. New York.

Oct. 9, 2003.

---

Sullivan, Oliverio & Gioia LLP, Bruce W. Hoover, Esq., of counsel, Buffalo, NY, for Plaintiff.

David J. Seeger, Esq., Buffalo, NY, Special Counsel to the Town of Sardinia.

CARL L. BUCKI, Bankruptcy Judge.

As its name suggests, the automatic bankruptcy stay operates only to stay the exercise of rights. It does not otherwise create rights or entitlements that would not have existed and it does not terminate obligations that must otherwise be satisfied. These precepts have relevance to the central issue in this motion, namely whether the automatic stay of 11 U.S.C. § 362 operates to stay not only the present enforcement of a zoning regulation, but also the expiration of authorization for a nonconforming use.

Chaffee Aggregates, Inc., is the owner of 102 acres of land in the Town of Sardinia, New York. In 1991, this corporation obtained permits from both Sardinia and the New York State Department of Environmental Conservation, for the operation of a gravel pit on its property. Shortly after securing these permits, Chaffee Aggregates, Inc., commenced mining operations. Then in 1993, the town amended its zoning ordinance to remove mining as a permissible use in the R–A district in which the gravel pit was located. Nonetheless, pursuant to section 8.07 of its zoning ordinance, the Town of Sardinia al-lowed the continued operation of the gravel pit as a nonconforming use. Such authorization, however, was subject to the limitations of section 8.02 of the local ordinance, which provides as follows:

> In any district, whenever a non-conforming use of land, premises, building or structure has been discontinued for a period of one year, such non-conforming use shall not thereafter be reestablished, and all future use shall be in conformity with the provisions of this ordinance.

The parties have stipulated that Chaffee Aggregates, Inc., continued to operate its gravel pit at some time during the year that ended on June 7, 1996, when the corporation filed a petition for relief under chapter 11 of the Bankruptcy Code. Whether the debtor operated the gravel pit during the pendency of chapter 11 is uncertain. Without dispute, however, the most recent mining activity occurred prior to November 18, 1996, the date on which Chaffee Aggregates converted its case into a proceeding under chapter 7.

After his initial designation as interim trustee on November 20, 1996, William Lawson has served continuously as the chapter 7 trustee in this case. Although he has not conducted any mining operations, the trustee has renewed and maintained the New York State permit for this activity. With the expectation that the property could be offered for sale as a gravel pit, Mr. Lawson scheduled an auction of the real property for October 17, 2000. One day earlier, however, the attorney for the Town of Sardinia advised the trustee in writing that because mining activity had ceased for more than a year, the zoning ordinance prohibited the property's further use as a gravel pit. In response, the trustee cancelled the auction and instead commenced the present adversary proceeding for declaratory relief and damages.

172

The parties have previously stipulated to dismiss the estate's claim for monetary relief. In his present motion for summary judgment, the trustee seeks an order declaring that the debtor had a legal right to mine at the time of its bankruptcy filing; that the provisions of section 8.02 of the zoning ordinance are tolled and cannot be enforced during the pendency of bankruptcy proceedings; and that the trustee has a right to conduct mining activities, to sell the debtor's real property, and to transfer the permit issued by the New York State Department of Environmental Conservation. As stated in the trustee's motion and a supporting Memorandum of Law, the essence of the movant's position is that section 362 of the Bankruptcy Code operates to stay a termination of the debtor's rights as a non-conforming user of property under the zoning ordinance. The Town of Sardinia responds that any lapse of non-conforming use was a post-petition event to which the automatic stay would have no application. Alternatively, it asserts that by reason of 11 U.S.C. § 362(b)(4), any enforcement of its zoning laws is exempt from the automatic stay as an exercise of the town's police or regulatory powers. For the reasons stated hereafter, the trustee's motion for summary judgment is denied.

■ The arguments of both the trustee and the town overlook the fundamental nature of the automatic stay as a stay of proceedings and not a determination of ultimate right. *See* Carl L. Bucki, *The Automatic Bankruptcy Stay and Real Property Tax Liens*, 66 AM. BANKR. L.J. 233, 238 (1992). With this concept in mind, section 362(d)(1) requires that the bankruptcy court grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." In the present instance, the town's zoning ordinance defines the interest of Sardinia in the real property of the debtor. Unless that interest is adequately protected, the town has cause for stay relief. In this way, the automatic stay is so designed as not to jeopardize any substantive rights. Presently, however, the court need not consider the recourse of stay relief, because the town's substantive rights are otherwise preserved under 28 U.S.C. § 959(b). Hence, Sardinia has performed no act in violation of automatic stay.

■ The complaint essentially seeks a declaration of the trustee's right to manage and operate property as a gravel pit. As to this dispute, the controlling standard is that which 28 U.S.C. § 959(b) establishes:

> Except as provided in section 1166 of title 11, a trustee, receiver or manager appointed in any cause pending in any court of the United States, including a debtor in possession, shall manage and operate the property in his possession as such trustee, receiver or manager according to the requirements of the valid laws of the State in which such property is situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof.

In short, the trustee is bound to the same zoning requirements that would apply to any other owner of the real property. If the zoning law would prohibit mining activity after a one year lapse outside bankruptcy, it will similarly prohibit such activity if a lapse occurs during the pendency of a bankruptcy proceeding. *Cournoyer v. Town of Lincoln*, 790 F.2d 971, 977 (1st Cir.1986); *see In re Union Golf of Florida, Inc.*, 242 B.R. 51 (Bankr.M.D.Fla.1998).

At this time, nothing in the record indicates any violation of the automatic stay. Sardinia enacted its zoning ordinance long prior to the debtor's petition for bankruptcy relief, and the town has commenced no action or proceeding to enforce its zoning

ordinance. Rather, its only conduct has been to communicate to the trustee its position that the gravel pit no longer qualifies as a permitted use. While Sardinia's pre-petition conduct may have mimicked the role of the mythological Lachesis, the town has never assumed the task of Atropos in any of its post-petition actions.[1] No municipal activity has caused the passage of more than one year since removal of the last load of gravel. We witness not a violation of the automatic stay, but a self-effectuating lapse of a non-conforming use. Pursuant to 28 U.S.C. § 959(b), the trustee must now comply with the zoning ordinance, including any mining prohibition that is now effective by reason of the lapse of prior right.

In the event that the town did commence an action to enforce its zoning ordinance, such conduct might be viewed as an act "to exercise control over property of the estate," in violation of 11 U.S.C. § 362(a)(3). On the other hand, such enforcement may be excepted from the automatic stay as an exercise of governmental police powers under 11 U.S.C. § 362(b)(4). The court will not consider these issues, however, because they are matters of no ultimate consequence. Even if the stay were presently applicable, the town could make application for relief from the automatic stay, pursuant to the provisions of 11 U.S.C. § 362(d). This court would then be compelled to grant stay relief, in as much as nothing short of zoning enforcement could adequately protect the interest of the town. Alternatively, Sardinia might choose to defer zoning enforcement until after the trustee's sale of the property, when it was no longer an asset of the estate. Pursuant to 11 U.S.C. § 362(c)(1), the stay of section 362(a)(3) would then have no continuing application. Prospec-

tively, therefore, the act of zoning enforcement (as distinct from the mere existence of zoning standards that are yet to be enforced) will not necessarily violate the automatic stay.

The trustee urges reliance on *Matter of IDH Realty, Inc.,* 16 B.R. 55 (Bankr. E.D.N.Y.1981), which held that the automatic stay tolled a zoning provision for abandonment of a non-conforming use. In its decision, however, the court focused its discussion on those provisions of section 362(b) which exempt the exercise of police or regulatory powers from the automatic stay of section 362(a). Nowhere in its decision does the court consider the requirements of 28 U.S.C. § 959(b). In my view, the statute's requirement of compliance with the valid laws of New York State must prevail. For all of the reasons stated herein, I must conclude that the automatic stay simply has no application to the present lapse of a non-conforming use of property under the zoning ordinance of the Town of Sardinia. Accordingly, the trustee's motion for summary judgment is denied.

Although the trustee bases his motion for summary judgment upon an application of the automatic stay, his complaint alleges other possible grounds for relief under state law. In particular, the trustee asserts that state law has preempted the local ordinance. Because these and other issues are not raised in the present motion, this court makes no decision regarding them. Instead, the court will set this matter for a pre-trial conference, for the purpose of scheduling further proceedings.

So ordered.

---

1. In Greek mythology, the Fates were three powerful goddesses who determined the course of human life. Clotho wove the thread of life. Lachesis measured its length. With her scissors of death, Atropos then cut the thread.